IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ENRIQUE SILVA-JACINTO,<br><br>        Petitioner,<br><br>   v.<br><br>DAVID N. STILL, District Director, United States Citizenship and Immigration Services; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ALBERTO GONZALES, Attorney General of the United States,<br><br>        Respondents. | No. C 05-01469 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 6, 2005:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Petitioner's application for a temporary restraining order pending resolution of his derivative beneficiary status under his wife Odulia Veronica Rodas-Rodensas' asylum application.

The parties will each have 15 minutes to address the following questions:

1. What is the status of Odulia Veronica Rodas-Rodensas' asylum application? Is it undisputed that Petitioner would qualify as a derivative beneficiary under his wife's asylum application? How long could the wife's asylum process take and can this Court order a temporary restraining order with an indefinite termination?

2. Does Petitioner have any authority for the proposition that the ICE is prohibited from executing an alien's final removal order if the alien is listed on his spouse's application for asylum? Does the Government have any authority for the proposition that the Court should not stay the execution of an alien's final removal order if the alien is listed on his spouse's application for asylum?

3. Has Petitioner established a possibility of irreparable harm or that the balance of hardships tips sharply in his favor by demonstrating that his deportation would cause family separation and that he would be subject to a ten-year bar to re-entry to the United States?

4. Do the parties have any further to add?

**IT IS SO ORDERED.**

Dated: May 4, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE